GALEF v. STANDARD FISH CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

CONTRACTS—SUFFICIENCY OF PERFORMANCE—ACTIONS.

Where one, who agrees with the owner of a building to repair it as ordered by the tenement house department, the work to be done to the satisfaction of the building and tenement house departments, fails to show due performance of the contract, and produces no certificates from the departments that the work is satisfactory to them, and does not show that they are unreasonably withheld, there can be no recovery for the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1308.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Hyman Galef against the Standard Fish Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Frank Harvey Field (Walter Lester Glenny, of counsel), for appellant.

Samuel Hellinger, for respondent.

PER CURIAM. The plaintiff seeks to recover from the defendant $100 balance due for work, labor, and services alleged to have been rendered by Isaac Galef under a written contract with the defendant. The complaint alleges "that Isaac Galef duly performed all of the said work in accordance with the said agreement"; that prior to the commencement of this action the said Isaac Galef assigned the claim to plaintiff. The answer denies the material allegations of the complaint. The agreement is as follows:

"New York, November 12, 1906.

"I hereby agree to furnish labor and materials and to repair the entire building of No. 40 Peck Slip as per order of the tenement house department October 3, 1906, and I agree to do this work to the satisfaction of the building and tenement house departments and under their directions, and in accordance to the plans to be furnished by me and approved by them, for the sum of two hundred ($200) dollars.

"O. B. Vio. No. 28060/06.                                        I. Galef."

"We hereby agree to employ I. Galef to do the above work on the above terms.                                            Standard Fish Company.

"C. M. Prankard."

Plaintiff's assignor admitted that before the foregoing contract was executed he had received the violation notice and was familiar with its requirements. He also admitted that no certificate was obtained by him after the completion of the work. The plaintiff not only failed to prove "due performance," as alleged by him, but he also failed to establish that the work was performed to the satisfaction of the departments mentioned in the agreement. This was a sine qui non to a recovery, unless it was shown that the certificates were unreasonably withheld. On the contrary, it appears that, immediately upon the completion of the work, a new violation was placed upon the premises, in which was included part of the work called for in the original

violation. Under these circumstances plaintiff was not entitled to recover, and the judgment in his favor must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.